No. 26-40371

# In the United States Court of Appeals for the Fifth Circuit

G6 HOSPITALITY PROPERTY LLC,

*Petitioner*

*ON PETITION FOR WRIT OF MANDAMUS TO THE EASTERN DISTRICT OF TEXAS (NO. 1:25-CV-00029) (HON. MICHAEL J. TRUNCALE)*

## PETITION FOR REHEARING EN BANC BY PETITIONER G6 HOSPITALITY PROPERTY LLC


Julia E. Fine
JONES DAY
51 Louisiana Ave., NW
Washington, D.C. 20001
(202) 879-3635
jkazam@jonesday.com

Andrew J. Clopton
*Counsel of Record*
JONES DAY
150 W. Jefferson, Suite 2100
Detroit, MI 48226
(313) 733-3939
aclopton@jonesday.com

Jack Carroll
Texas Bar No. 03886000
Orgain, Bell & Tucker LLP
470 Orleans, Suite 400
Beaumont, TX 77704-1751
(409) 838-6412
jpc@obt.com

Bethany K. Biesenthal
JONES DAY
110 North Wacker Drive,
Suite 4800
Chicago, IL 60606
(312) 782-3939
bbiesenthal@jonesday.com

*Counsel for G6 Hospitality Property LLC*

No. 26-40371

# In the United States Court of Appeals for the Fifth Circuit

---

G6 HOSPITALITY PROPERTY LLC,

*Petitioner*

---

**PETITION FOR REHEARING EN BANC**

**CERTIFICATE OF INTERESTED PERSONS**

---

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Plaintiff-Respondent**

1. Plaintiff-Respondent F.F.
2. Jason Byrd, The Byrd Law Firm
3. Randolph Janis, Chloe Makowsky, Douglas & London

**Petitioner**

1. Defendant-Petitioner G6 Hospitality Property LLC

2. G6 Hospitality Property LLC is affiliated with entities that are indirectly affiliated with Blackstone Inc. (BX).

3. Bethany Biesenthal, Andrew Clopton, Julia Fine, Jones Day

4. Jack Carroll, Orgain, Bell & Tucker LLP

Dated: August 11, 2026

*/s/ Andrew J. Clopton*

Andrew J. Clopton
JONES DAY
150 W. Jefferson, Suite 2100
Detroit, MI 48226
(313) 733-3939
aclopton@jonesday.com

## RULE 40(B)(2) STATEMENT AND INTRODUCTION

The Eastern District of Texas is presiding over more than 125 cases against G6 Hospitality Property LLC and its affiliates under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). All cases have been reassigned to the Honorable Michael J. Truncale.

These cases are overwhelmingly filed by the same law firms recycling the same boilerplate complaints. Their theory: G6, a hospitality company, "participated in a venture" *with sex traffickers* because Motel 6 properties rented rooms to people whom it should have known were engaged in trafficking. The district court accepts this participation-in-a-venture theory—and thus has denied 100% of motions to dismiss TVPRA participant claims on the merits in cases originally filed in the Eastern District. The district court has also denied 100% of motions to transfer venue and 100% of motions to certify orders for interlocutory appeal.

G6 has repeatedly sought interlocutory appeal on the participation-in-a-venture standard. A strong appellate consensus rejects the district court's legal interpretation—including the Second Circuit, which joined that chorus just last week. *Mueller v. Deutsche Bank*, __ F.4th __, 2026

WL 2220472, at *4 (2d Cir. Aug. 3, 2026). This Court should be given the same opportunity to address it. Without interlocutory review, G6 is left litigating over 125 cases in a single district, or else settling en masse.

Yet once again, the district court denied G6's request. G6 thus sought a writ of mandamus compelling the district court to certify its order denying judgment on the pleadings. The Panel denied the petition, 2-1, in a one-line order. Judge Ho would have "request[ed] that the district court certify its order for interlocutory appeal, or alternatively, grant the petition." COA ("Order") Dkt. 39-2 at 1 n.1.

The Panel's decision warrants *en banc* review for several reasons.

To start, the Panel's decision is wrong. As Judge Ho implicitly recognized, G6 has identified a controlling legal question, over which there are substantial grounds for disagreement, and whose resolution could result in the outright dismissal of this and many other cases. The district court thus clearly erred in refusing to certify. G6 has no other adequate means to attain relief, as it faces significant litigation and settlement pressure and cannot realistically litigate to final judgment. And this Court, along with others, recognize that mandamus is appropriate where a district court unjustifiably refuses to certify.

More importantly, the Panel's decision implicates "questions of exceptional importance." Fed. R. App. P. 40(b)(2)(D). This proceeding is obviously important to G6 and other hospitality defendants; G6 alone has 125+ cases pending before a district court that refuses to grant any pre-discovery relief. But it also raises issues of broader importance. The district court, like other district courts in this Circuit recently, claimed "unfettered discretion to deny certification," even if 28 U.S.C. § 1292(b)'s criteria were satisfied. Dkt. 41 at 8. This flawed understanding of the district court's role effectively nullifies this important mechanism—which perhaps explains why this Circuit has seen a shockingly low number of § 1292(b) certifications in recent years. This case provides this Court an excellent vehicle to make clear that district courts have a duty to certify orders for interlocutory appeal where, as here, § 1292(b)'s criteria are met.

The Court should grant rehearing *en banc* and direct or request the district court to certify its order for interlocutory appeal under § 1292(b).

# TABLE OF CONTENTS

**Page**


SUMMARY OF PROCEEDINGS AND DISPOSITION .......................... 1

STATEMENT OF FACTS ....................................................................... 2

A. TVPRA Lawsuits Against the Hospitality Industry. ............ 2

B. The District Court's TVPRA Docket. ..................................... 4

C. Plaintiff's Counsel's Boilerplate Complaints. ........................ 5

D. G6's Motion For Judgment on the Pleadings or Interlocutory Appeal. ........................................................... 6

E. G6's Petition for Writ of Mandamus. ..................................... 7

ARGUMENT .......................................................................................... 8

I. The Panel's Decision is Wrong....................................................... 8

A. The District Court's Refusal to Certify Is "Clear and Indisputable" Error. ................................................................ 8

B. There Is No Other Adequate Means to Attain Relief.......... 11

C. Mandamus Is Appropriate Under the Circumstances. ....... 12

II. This Proceeding Involves Important Issues................................. 13

CONCLUSION .................................................................................... 17

# TABLE OF AUTHORITIES

**Page**

**CASES**

*A.G. v. Northbrook Indus., Inc.*,
171 F.4th 1257 (11th Cir. 2026) ........................................................ 4

*A.L. v. G6 Hosp. Prop. LLC*,
2025 WL 1151750 (S.D. Fla. Apr. 18, 2025) .................................... 6, 7

*Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*,
219 F.3d 674 (7th Cir. 2000)...................................................... 11, 15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................ 9

*B.C. v. G6 Hosp. Prop. LLC*,
2025 WL 1837620 (W.D. Wash. July 3, 2025) ...................................... 6

*Cheney v. U.S. Dist. Ct. for D.C.*,
542 U.S. 367 (2004)...................................................................... 8, 13

*D.D.J. v. G6 Hosp., LLC*,
1:23-cv-269-MJT, Dkt. 95 (E.D. Tex. Sept. 30, 2024)........................... 4

*Doe #1 v. Red Roof Inns, Inc.*,
21 F.4th 714 (11th Cir. 2021) ............................................................ 3

*Doe 1 v. Apple Inc.*,
96 F.4th 403 (D.C. Cir. 2024) ........................................................ 3, 4

*Ex parte Tokio Marine & Fire Ins. Co.*,
322 F.2d 113 (5th Cir. 1963).............................................................. 14

*Fernandez-Roque v. Smith*,
671 F.2d 426 (11th Cir. 1982)............................................................ 13

*G.G. v. Salesforce.com, Inc.*,
76 F.4th 544 (7th Cir. 2023) ............................................................... 4

*Guilbeau v. Schlumberger Tech. Corp.*,
2024 WL 1953142 (W.D. Tex. Apr. 16, 2024).......................................15

*Hadjipateras v. Pacifica, S.A.*,
290 F.2d 697 (5th Cir. 1961).........................................................14

*In re Air Crash Disaster*,
821 F.2d 1147 (5th Cir. 1987).......................................................12

*In re Chevron U.S.A., Inc.*,
109 F.3d 1016 (5th Cir. 1997) (Jones, J., concurring) ........................11

*In re Joeylynn Mesaros*,
23-50593, Dkt. 24-1 (5th Cir. Aug. 28, 2023)...............................12, 13

*In re Trump*,
781 F. App'x 1 (D.C. Cir. 2019).....................................................13

*In re Trump*,
874 F.3d 948 (6th Cir. 2017)...........................................................9

*In re Trump*,
958 F.3d 274 (4th Cir. 2020)..........................................................13

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) (*en banc*)...............................................8

*Katz v. Carte Blanche Corp.*,
496 F.2d 747 (3d Cir. 1974) ...........................................................15

*M.A. v. Wyndham Hotels & Resorts, Inc.*,
425 F. Supp. 3d 959 (S.D. Ohio 2019) ................................................3

*N.G. v. G6 Hosp. Prop. LLC*,
2025 WL 1332210 (M.D. Fla. May 7, 2025) .........................................6

*N.G. v. G6 Hosp. Prop. LLC*,
2025 WL 2676101 (M.D. Fla. Sept. 18, 2025)......................................6

*Reese v. BP Exploration, Inc.*,
643 F.3d 681 (9th Cir. 2011)..........................................................10

*S.R.C. v. G6 Hosp., LLC*,
2024 WL 6998378 (E.D. Tex. Dec. 10, 2024) .......................... 6, 7, 9, 10

*Silverthorne Seismic, LLC v. Sterling Seismic Servs., Ltd.*,
125 F.4th 593 (5th Cir. 2025) ............................................................ 9

**STATUTES**

18 U.S.C. § 1595(a) ............................................................ 3, 6, 9

28 U.S.C. § 1292(b) ............................................................ *passim*

**OTHER AUTHORITIES**

Cassandra Burke Robertson, *Appellate Review of Discovery Orders in Federal Court*, 81 WASH. L. REV. 733 (2006) ...................... 16

Michael E. Solimine, *The Renaissance of Permissive Interlocutory Appeals and the Demise of the Collateral Order Doctrine*, 53 AKRON L. REV. 607 (2019) ................................ 16

Fed. R. App. P. 40 ............................................................ 13

G6 Hospitality LLC, *Combating Human Trafficking*,
https://tinyurl.com/33bbh2bn ............................................................ 2

## STATEMENT OF ISSUES MERITING REHEARING EN BANC

1. Whether mandamus should issue where a single district court judge presiding over 125+ cases against G6 has barred any feasible route to appellate review of a controlling statutory-interpretation question on which courts are indisputably split.

2. Whether district courts have unfettered discretion to deny certification even if 28 U.S.C. § 1292(b)'s criteria are clearly satisfied.

## SUMMARY OF PROCEEDINGS AND DISPOSITION

Plaintiff F.F. sued G6 under the TVPRA, alleging that G6 "participated in a venture by operating the subject hotel that rented rooms to individuals that [G6] knew or should have known were involved in sex-trafficking." Dkt. 6 ("FAC") ¶ 36. G6 moved for judgment on the pleadings, and alternatively, for certification for interlocutory appeal. Dkt. 27. G6 sought certification based on an important and controlling legal question: "whether a hotel defendant's repeated rental of rooms to a trafficker, when it knew or should have known of the trafficking, amounts to 'participation in a venture.'" *Id.* at 25. The district court denied both judgment on the pleadings and certification. Dkt. 41. The court then denied reconsideration. Dkt. 46.

G6 filed a petition for a writ of mandamus to direct (or request) the district court to certify its order denying judgment on the pleadings for interlocutory appeal. COA Dkt. 3. The Panel denied the petition. Order 1. Judge Ho dissented, explaining that he "would request that the district court certify its order for interlocutory appeal, or alternatively, grant the petition for writ of mandamus." *Id.* at 1 n.1.

## STATEMENT OF FACTS

### A. TVPRA Lawsuits Against the Hospitality Industry.

G6 Hospitality Property LLC is part of a family of companies associated with the Motel 6 hotel brand. As a leader in the economy-lodging sector, Motel 6 has long endeavored to meet a clear societal need for clean and comfortable accommodations at an affordable price. As part of that mission, Motel 6 has been at the forefront of efforts to combat the scourge of human trafficking. *See* G6 Hospitality LLC, *Combating Human Trafficking*, https://tinyurl.com/33bbh2bn.

Notwithstanding these efforts, Motel 6 and other hotel brands have recently faced an avalanche of trafficking lawsuits under the TVPRA. The TVPRA allows a trafficking victim to sue the "perpetrator" as well as those who "knowingly benefit[] … financially or by receiving anything of

value from *participation in a venture* which that person knew or should have known has engaged in" a trafficking offense. 18 U.S.C. § 1595(a) (emphasis added).

In an early TVPRA decision, the Southern District of Ohio held that a plaintiff need only allege that a hotel "rented rooms to people it knew or should have known [were] engaged in sex trafficking" to satisfy the participation-in-a-venture element. *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 971 (S.D. Ohio 2019). Since *M.A.*, hotel brands across the spectrum have been sued on the theory that they negligently rented rooms to traffickers.

At the circuit level, however, the *M.A.* standard has fared poorly. Several courts of appeals have held that "the phrase 'participation in a venture'" means "t[aking] part in a common undertaking or enterprise involving risk and potential profit." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021); *see, e.g.*, *Doe 1 v. Apple Inc.*, 96 F.4th 403, 415 (D.C. Cir. 2024). Under this definition, engaging in "ordinary buyer-seller transaction[s]" does not suffice to establish a "shared enterprise." *Apple*, 96 F.4th at 415. Thus, the Eleventh Circuit has held that "[m]erely renting a hotel room to a trafficker with actual or constructive

knowledge of his trafficking *does not* constitute 'participation in a venture,'" expressly rejecting the *M.A.* standard. *A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257, 1269 (11th Cir. 2026) (emphasis added); *see also Apple*, 96 F.4th at 408, 416 (rejecting participation claim where the defendants knowingly purchased cobalt from suppliers using forced labor); *Mueller*, 2026 WL 2220472, at *5-6 (rejecting participation claim where the defendant knowingly provided financial services to terrorist affiliates); *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 562 (7th Cir. 2023) (agreeing that "arms-length" sales of "common products or services" do not suffice).

### B. The District Court's TVPRA Docket.

Plaintiffs have nonetheless continued filing lawsuits against hotel chains predicated on *M.A.*'s logic. Many of these suits have been filed in the Eastern District of Texas, where they all are automatically assigned to the Honorable Michael J. Truncale. From the start, the district court followed *M.A.*, holding that hotels "'participate[] in a venture' by 'rent[ing] rooms to people [they] knew or should have known were engaged in sex trafficking.'" *D.D.J. v. G6 Hosp., LLC*, 1:23-cv-269-MJT, Dkt. 95 at 10 (E.D. Tex. Sept. 30, 2024) (cleaned up).

Based on this erroneous legal standard, the district court has denied 100% of motions to dismiss TVPRA participant claims on the merits in cases filed against any G6 defendant where the complaint was initially filed in the Eastern District of Texas. The court has also denied 100% of motions for interlocutory appeal and 100% of motions to transfer venue to the jurisdiction where the alleged trafficking actually occurred. The result is that any plaintiff who files a TVPRA action against G6 in the Eastern District of Texas receives an automatic ticket to discovery.[1]

**C. Plaintiff's Counsel's Boilerplate Complaints.**

Plaintiffs' lawyers have taken notice. Today, there are more than 125 TVPRA cases against G6 pending in the Eastern District of Texas, over 50 of which were filed by Plaintiff's counsel.

In each of these cookie-cutter complaints, the plaintiff alleges she was trafficked at a hotel, that the hotel knew or should have known based on "red flags," and that the hotel benefited through room-rental revenue. Other courts have not been persuaded and have repeatedly dismissed the

[1] Even apart from the merits, the district court has repeatedly denied relief. It has excused timeliness defects. It has declined to sanction plaintiffs for spoliating evidence (in one case based in part on a "dream"). And it has allowed plaintiffs to avoid or delay sitting for depositions without consequence. *See* COA Dkt. 3, at 11-15.

*same* boilerplate complaints. *See, e.g.*, *A.L. v. G6 Hosp. Prop. LLC*, 2025 WL 1151750, at *3 (S.D. Fla. Apr. 18, 2025); *N.G. v. G6 Hosp. Prop. LLC*, 2025 WL 1332210, at *2 (M.D. Fla. May 7, 2025); *B.C. v. G6 Hosp. Prop. LLC*, 2025 WL 1837620, at *6 (W.D. Wash. July 3, 2025); *N.G. v. G6 Hosp. Prop. LLC*, 2025 WL 2676101, at *2 (M.D. Fla. Sept. 18, 2025).

### D. G6's Motion For Judgment on the Pleadings or Interlocutory Appeal.

Plaintiff F.F.'s complaint is materially identical to those above. Dkt. 6. G6 moved for judgment on the pleadings, acknowledging that Plaintiff's complaint satisfied the district court's participation standard but urging it to reconsider that standard. Dkt. 27.

The district court denied G6's motion, again concluding that "F.F. sufficiently alleged that G6 facilitated her trafficking by renting rooms to [her] traffickers." Dkt. 41 at 12. Anticipating this result, G6 had alternatively asked the district court to certify any adverse order for interlocutory appeal. Dkt. 27 at 24-30. In prior cases, the court recognized that "the pleading requirements … under 18 U.S.C. § 1595(a)" present "a pure question of law"—satisfying the "controlling question of law" requirement. *S.R.C. v. G6 Hosp., LLC*, 2024 WL 6998378, at *3 (E.D. Tex. Dec. 10, 2024). The court also recognized an appeal "could

materially advance the termination of th[e] litigation." *Id.* But each time, the court denied certification on the ground that there was no "substantial ground for difference of opinion." *Id.* at *6.

That is no longer the case. Multiple identical complaints have been dismissed "[u]nder applicable Eleventh Circuit caselaw" and otherwise. *E.g.*, *A.L.*, 2025 WL 1151750, at *3. Yet the district court again refused to certify. This time, the court reversed itself on the controlling-question-of-law element—without explanation—stating that "[w]hile this question may be *controlling*, it is not a question of *law*." Dkt. 41 at 15. The court also claimed "unfettered discretion to deny certification *even when all three [statutory requirements] are satisfied*." *Id.* at 8. G6 moved for reconsideration, Dkt. 43, which the district court denied, Dkt. 46.

### E. G6's Petition for Writ of Mandamus.

These clear errors, compounded by the sheer volume of cases, left G6 with no recourse but to petition for a writ of mandamus to direct or request the district court to certify its order under § 1292(b). The Panel denied the petition. Order 1. Judge Ho dissented, explaining he would "request that the district court certify its order for interlocutory appeal, or alternatively, grant the petition for writ of mandamus." *Id.* at 1 n.1.

## ARGUMENT

### I. The Panel's Decision is Wrong.

A writ of mandamus is warranted when (1) the petitioner has "no other adequate means to attain the relief he desires"; (2) the petitioner's "right to issuance of the writ" is "clear and indisputable"; and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004) (citation modified). G6 has satisfied this standard. Thus, as Judge Ho recognized, mandamus—or at least an order requesting the district court to certify—should have been granted.

#### A. The District Court's Refusal to Certify Is "Clear and Indisputable" Error.

When an "order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the district judge "shall so state." 28 U.S.C. § 1292(b). Because "the district court clearly abused its discretion" in refusing to certify, G6's "right to issuance of the writ is necessarily clear and indisputable." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (*en banc*).

**1.** The standard for the TVPRA's participation-in-a-venture element is clearly a controlling question of law. The district court itself said so—at least seven times. *See* COA Dkt. 3, at 25 & n.6 (citing cases). In each instance, it held that "the pleading requirements a plaintiff must satisfy under 18 U.S.C. § 1595(a) to state a claim for beneficiary liability" is "a question of statutory construction, and hence, a pure question of law." *S.R.C.*, 2024 WL 6998378, at *3.

In this case, however, the district court flipped itself, holding that it would need further factual context to resolve G6's proposed question. Dkt. 41 at 15. Yet it is elementary that "[t]he sufficiency of a complaint is a question of law." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017); *see Silverthorne Seismic, LLC v. Sterling Seismic Servs., Ltd.*, 125 F.4th 593, 598-99 (5th Cir. 2025). Courts do not make factual determinations at the pleadings stage; they "take all of the factual allegations in the complaint as true" and determine whether those facts "state[] a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Here, Plaintiff alleged that "Defendant participated in a venture by operating the subject hotel that rented rooms to individuals that Defendant knew or should have known were involved in sex-trafficking," FAC ¶ 36, and the

district court—assuming the truth of that allegation—held it sufficient to satisfy the participation-in-a-venture element, Dkt. 41 at 12. Whether this legal theory holds water is a controlling legal question.

**2.** There is also a substantial difference of opinion among courts regarding the interpretation of the TVPRA's participation-in-a-venture element. While multiple other courts have dismissed Plaintiff's counsel's boilerplate complaints, the district court has permitted identical ones to proceed. *See supra* at 5-6. And the courts of appeals have likewise diverged from the district court's understanding of "participation in a venture." *See supra* at 3-4. This *exceeds* what is required for this prong. *See Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

**3.** The last requirement is easily satisfied. As the district court recognized, "an appellate ruling … could materially advance the termination of this litigation since it could result in a dismissal of [the] beneficiary liability claim" and thus Plaintiff's suit. *S.R.C.*, 2024 WL 6998378, at *3; 28 U.S.C. § 1292(b).

**4.** Finally, the district court claimed "unfettered discretion to deny certification *even when all three [statutory requirements] are satisfied*." Dkt. 41 at 8. That is wrong. District courts, of course, must determine

whether the § 1292(b) criteria are met, but where they are met—as here—the district court "*shall* so state." 28 U.S.C. § 1292(b) (emphasis added). District courts thus have a "duty … to allow an immediate appeal to be taken when the statutory criteria are met." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000). To allow a district court to deny certification on "unfettered" grounds would usurp the role of the court of appeals, which is the court vested by statute with the "discretion" over whether to "permit an appeal." 28 U.S.C. § 1292(b).

**B. There Is No Other Adequate Means to Attain Relief.**

Mandamus is the only adequate way for another Article III court to review TVPRA claims against G6 in the Eastern District. Over 125 TVPRA suits and counting against G6 have been filed in the Eastern District, all assigned to Judge Truncale. And that lone district court has repeatedly blocked any avenue for appellate consideration. *Supra* at 5.

Given the significant litigation burden, awaiting an adverse verdict before appealing is simply unrealistic. G6 faces enormous pressures from having to simultaneously defend scores of cases in one district alone. *See In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1022 (5th Cir. 1997) (Jones, J., concurring) (finding mandamus appropriate where the district court's

rulings resulted in "enormous" "pressure on the parties to settle" given the high volume of cases, which "is probably not effectively reviewable after trial"). Interlocutory appeal is the only adequate way to achieve appellate review, at least in these extraordinary circumstances.

### C. Mandamus Is Appropriate Under the Circumstances.

While writs of mandamus directing certification for interlocutory appeal are rare, this Court has authority to issue one, as Judge Ho recognized. Order 1 n.1. In *McClelland Engineers*, this Court held that a district court's "refusal to certify in the circumstances presented constitutes an abuse of discretion," and so it "vacate[d] that order." 742 F.2d 837, 837-38 (5th Cir. 1984), *overruled on other grounds by In re Air Crash Disaster*, 821 F.2d 1147 (5th Cir. 1987). The Court denied mandamus "*without prejudice*" only because it did "not doubt that the [district] court will promptly proceed to certify." *Id.* at 838-39; *see In re Joeylynn Mesaros*, 23-50593, Dkt. 24-1 at 10 (5th Cir. Aug. 28, 2023) (same, noting that "[w]e are confident that the district court will reach the correct certification decision if given another opportunity" and allowing petitioners to "renew their request for mandamus relief" if not).

Likewise, other courts of appeals have recognized the authority to order certification. *See, e.g.*, *Fernandez-Roque v. Smith*, 671 F.2d 426, 431-32 (11th Cir. 1982); *In re Trump*, 958 F.3d 274, 285 (4th Cir. 2020) (*en banc*), *cert. granted, judgment vacated as moot*, 141 S. Ct. 1262 (U.S. 2021). After all, nothing in the All Writs Act exempts § 1292(b) from appellate intervention. Instead, an order denying certification is subject to the same mandamus standard as any other order. That standard, "however demanding, [is] not insuperable." *Cheney*, 542 U.S. at 381. The district court's denial of certification here—finding no controlling question of law despite holding the opposite seven times—satisfies it.

At minimum, the Panel should have requested certification, as this Court has done before in similar circumstances. *See, e.g.*, *McClelland*, 742 F.2d at 839; *In re Joeylynn Mesaros*, 23-50593, Dkt. 24-1 at 10; *see also In re Trump*, 781 F. App'x 1, 2 (D.C. Cir. 2019) (per curiam).

## II. This Proceeding Involves Important Issues.

Not only is the Panel's decision wrong, it also raises "exceptional[ly] importan[t]" issues. Fed. R. App. P. 40(b)(2)(D). This proceeding raises exceptionally important questions to G6 and other hospitality companies. G6 alone faces over 125 cases before a single district judge who has

staunchly refused to dismiss claims under a standard for "participation in a venture" that has been rejected by other courts of appeals.

But, critically, the Panel's decision also implicates important questions more broadly. This Court has recognized that § 1292(b) is an important mechanism through which courts can avoid the "waste of precious judicial time while the case grinds through to a final judgment as the sole medium through which to test the correctness of some isolated identifiable point of fact, of law, of substance or procedure, upon which in a realistic way the whole case or defense will turn." *Hadjipateras v. Pacifica, S.A.*, 290 F.2d 697, 703 (5th Cir. 1961). Thus, it has declined to "echo epithets uttered by others that § 1292(b) is to be 'sparingly applied.'" *Ex parte Tokio Marine & Fire Ins. Co.*, 322 F.2d 113, 115 (5th Cir. 1963) (citation omitted).

Yet district courts in this Circuit have ensured that § 1292(b) is indeed sparingly applied. From January 2024 through the present, district courts appear to have granted approximately 10 out of 85 § 1292(b) certification requests—or less than 12%.[2] This low rate is likely

[2] Based on counsel's comprehensive review of Westlaw and Bloomberg dockets.

related to the increasing trend among district courts—the district court below among them—to claim "*unfettered discretion* to deny certification, even when the three statutory criteria are present." *Guilbeau v. Schlumberger Tech. Corp.*, 2024 WL 1953142, at *2 (W.D. Tex. Apr. 16, 2024) (collecting cases) (emphasis added); Dkt. 41 at 8.

As explained above, this understanding of the district court's role is wrong. *See supra* § I.A.4. Once the district court determines that the statutory criteria are satisfied, it "*shall* so state," 28 U.S.C. § 1292(b) (emphasis added), meaning it has a "*duty*" to certify "when the statutory criteria are met," *Ahrenholz*, 219 F.3d at 677 (emphasis added). The *court of appeals* then has the "discretion" to "permit an appeal to be taken." 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) ("[W]hile the district judge must certify that the order satisfies the three criteria, the discretion to grant leave to appeal at the circuit level is not limited by any specific criteria."). "Judicially creating a second layer of absolute discretion for district courts … disrupts the balance crafted by the statute, as it allows district courts to cut off the discretionary review mechanism before the appellate court even has a chance to consider whether the case is worthy of immediate review."

Cassandra Burke Robertson, *Appellate Review of Discovery Orders in Federal Court*, 81 WASH. L. REV. 733, 781 (2006).

By usurping this Court's discretion, thus effectively nullifying the § 1292(b) mechanism, district courts within this Circuit, including the court below, have been able to improperly insulate their interlocutory orders from appellate scrutiny. This comes at a time when courts should make "*broader* use of § 1292(b)" based on the "recognition of fewer cases going to trial in the federal system (and fewer appeals from trials), with the concomitant rise in the importance of pretrial rulings, especially … those potentially dispositive of the case." Michael E. Solimine, *The Renaissance of Permissive Interlocutory Appeals and the Demise of the Collateral Order Doctrine*, 53 AKRON L. REV. 607, 613 (2019).

This case provides an excellent vehicle for this Court to make clear that district courts *must* certify orders that satisfy § 1292(b)'s criteria, lest § 1292(b) appeals become an endangered species in this Circuit. G6 identified a clearly legal question whose resolution could result in the dismissal of 125+ cases in one fell swoop. Yet based on a flawed understanding of both the "controlling question of law" prong and its own role in the § 1292(b) process, the district court refused to certify its order,

even though G6 plainly met the statutory criteria. The *en banc* Court should take this opportunity to enforce § 1292(b)'s command.

## CONCLUSION

The Court should grant rehearing *en banc* and grant the writ of mandamus.

Respectfully submitted,

*/s/ Andrew J. Clopton*

Andrew J. Clopton
JONES DAY
150 W. Jefferson, Suite 2100
Detroit, MI 48226
(313) 733-3939
aclopton@jonesday.com

Bethany K. Biesenthal
JONES DAY
110 North Wacker Drive,
Suite 4800
Chicago, IL 60606
(312) 782-3939
bbiesenthal@jonesday.com

Julia E. Fine
JONES DAY
51 Louisiana Ave., NW
Washington, D.C. 20001
(202) 879-3635
jkazam@jonesday.com

Jack Carroll
Texas Bar No. 03886000
Orgain, Bell & Tucker LLP
470 Orleans, Suite 400
Beaumont, TX 77704-1751
(409) 838-6412
jpc@obt.com

*Counsel for G6 Hospitality Property LLC*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitations of FED. R. APP. P. 21(d)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 3,900 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook Standard font.

Dated: August 11, 2026

*/s/ Andrew J. Clopton*

Andrew J. Clopton
JONES DAY
150 W. Jefferson, Suite 2100
Detroit, MI 48226
(313) 733-3939
aclopton@jonesday.com

## CERTIFICATE OF SERVICE

I hereby certify that, on August 11, 2026, this petition was served via the Court's electronic filing system on counsel for Plaintiff.

Dated: August 11, 2026

*/s/ Andrew J. Clopton*

Andrew J. Clopton
JONES DAY
150 W. Jefferson, Suite 2100
Detroit, MI 48226
(313) 733-3939
aclopton@jonesday.com

# United States Court of Appeals
# for the Fifth Circuit

No. 26-40371

United States Court of Appeals
Fifth Circuit
**FILED**
July 27, 2026
Lyle W. Cayce
Clerk

In re G6 Hospitality Property, L.L.C.,

*Petitioner.*

---

Petition for a Writ of Mandamus
to the United States District Court
for the Eastern District of Texas
USDC No. 1:25-CV-29

---

UNPUBLISHED ORDER

Before Graves, Ho, and Douglas, *Circuit Judges*.[1]

Per Curiam:

IT IS ORDERED that the petition for writ of mandamus is DENIED.

---

[1] Judge Ho would request that the district court certify its order for interlocutory appeal, or alternatively, grant the petition for writ of mandamus. *See, e.g., In re McClelland Engineers, Inc.,* 742 F.2d 837, 839 (5th Cir. 1984); *Fernandez-Roque v. Smith*, 671 F.2d 426, 431 –32 (11th Cir. 1982).